**1226**

MUTUAL OF NEW YORK, Plaintiff,

v.

Fawzi B. SHAYA, Defendant.

Civil No. 97–CV–70092–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 25, 1997.

A. Stuart Tompkins, Sheri B. Cataldo, Southfield, MI, for Plaintiff.

Frederick Prost, David L. Richards, Troy, MI, for Defendant.

### *OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY DEMAND*

DUGGAN, District Judge.

This matter is before the Court on plaintiff's motion to strike defendant's jury demand. Plaintiff brought this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 to determine the rights and liabilities of the parties under the disability insurance policy issued to the defendant by the plaintiff. According to plaintiff's brief in support of its motion, the policy includes two categories of disability: Total Disability Due to Accident and Total Disability Due to Sickness. The policy provides for disability benefits for life for disability due to accident and benefits for 60 months for disability due to sickness. Defendant contends that his disability arose out of an accident which occurred on August 14, 1992. Plaintiff contends that defendant's disability arose from a pre-existing condition, not the alleged accident and thus seeks a declaration from this Court that their liability is limited to 60 months of benefits.

In its motion to strike the jury demand, plaintiff argues that it has brought an equitable action and seeks equitable relief and thus defendant is not entitled to a jury trial. Plaintiff correctly points out that a declaratory judgment action is not considered either legal or equitable in nature. "In actions seeking declaratory relief, the right to a jury trial is preserved only where it otherwise exists." *Golden v. Kelsey–Hayes Co.*, 73 F.3d 648, 662 (6th Cir.1996)(citing *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 504, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959)). If the right to a jury trial would exist on the issue if it had arisen in an action other than for a declaratory judgment, the issue must be tried to a jury in the declaratory action. 9 C. Wright and A. Miller, *Feder-*

*al Practice and Procedure: Civil 2d* § 2313 (1995).

> Suits for declaratory judgment are a statutory creation enacted by Congress in the Declaratory Judgment Act, 28 U.S.C.A. secs. 2201–02, and are neither inherently legal nor equitable in nature. When determining whether a declaratory judgment action is legal or equitable, "courts have examined the basic nature of the issues involved to determine how they would have arisen had Congress not enacted the Declaratory Judgment Act." But for the Declaratory Judgment Act, the only way this action could have arisen is as a suit by Arnold to collect the severance pay he claims he is due—a legal, not equitable, action. Thus Gulf Life's declaratory judgment action was not a civil action seeking "equitable relief."

*Gulf Life Ins. Co. v. Arnold,* 809 F.2d 1520 (11th Cir.1987) [citations omitted].

In the case at bar, this action would arise outside of the declaratory judgment context when the defendant sued plaintiff on the policy upon plaintiff's termination of defendant's benefits (after 60 months). "But for the Declaratory Judgment Act, the only way this action [would] have arisen is a suit by [defendant] to collect the [benefits] he claims he is due...." *Id.* Defendant would certainly be entitled to a jury trial on this coverage action if he initiated the suit following the termination of his benefits.

 Plaintiff argues that the nature of this suit is equitable and thus defendant is not entitled to a jury trial under the Seventh Amendment. To determine whether a particular action will resolve a legal or equitable right, the court must examine the nature of the issues and the remedy sought. *Golden, supra* at 659. Courts give the latter inquiry more weight. *Id.* (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 565, 110 S.Ct. 1339, 1345, 108 L.Ed.2d 519 (1990)). Examining the underlying action, as the Court must, *see supra,* a suit by defendant.against plaintiff for termination of benefits would resolve the parties' legal rights under the insurance policy. Further, defendant would seek monetary dam-

ages, which is considered legal, not equitable relief.

Plaintiff points to *Golden, supra,* and to *Bair v. General Motors Corp.,* 895 F.2d 1094 (6th Cir.1990) to support its argument that defendant is not entitled to a jury trial. These cases are distinguishable. The plaintiff in *Golden* sought injunctive relief, thereby making an otherwise legal action one of equity. The court in *Bair* denied plaintiff a jury trial under ERISA (29 U.S.C. § 502).

 Because the underlying issues would entitle defendant to a jury trial, he is entitled to the same under the declaratory judgment action brought by plaintiff. Plaintiff's motion to strike defendant's jury demand should be denied.

For the reasons set forth above,

**IT IS ORDERED** that plaintiff's motion to strike defendant's jury demand is **DENIED.**